IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-25-FL-1
NO. 4:18-CV-68-FL

| | | |
|---|---|---|
| MAURICE EUGENE MOORE, JR., | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence (DE 68, 92) and to supplement same (DE 98, 107). Also before the court is respondent's motion to dismiss (DE 124) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised are ripe for decision.

## BACKGROUND

On December 5, 2016, petitioner pleaded guilty, with a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (count one), and possession of ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count three). On April 11, 2017, the court sentenced petitioner to 300 months' imprisonment on count one, and 120 months' imprisonment on count three, and ordered the terms to run concurrently. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction.

Petitioner filed the instant motion to vacate on April 11, 2018, raising claims of ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. Petitioner argues that his guilty plea was unknowing and involuntary because his attorney failed to explain the plea agreement or accurately describe his right to plead not guilty. As to the ineffective assistance of counsel claims, petitioner alleges his counsel misinformed him about the likely sentence, was not responsive to his attempts to contact him, failed to provide unspecified explanation about his case, informed petitioner that he could not obtain a "drug cap," failed to investigate the case, did not alert the court or the government about evidence discrediting one of the confidential informants, did not ask for a competency evaluation, and did not challenge the base offense level at sentencing.

Respondent moved to dismiss petitioner's first motion to vacate on August 27, 2018, arguing that petitioner's allegations did not state a claim for ineffective assistance of counsel or that his guilty plea was unknowing or involuntary.

Petitioner did not respond to the motion to dismiss, but instead filed the instant amended motion to vacate on May 28, 2019. The amended motion alleges claims of ineffective assistance of counsel on the following grounds:

1) Counsel failed to conduct an investigation and develop a plan for defending petitioner against the indictment, despite the fact that the discovery records showed the government's case was built on inaccurate information from confidential informants;

2) Counsel provided ineffective assistance by advising petitioner to plead guilty;

3) At sentencing, counsel was unprepared to challenge the government's witness who testified about the drug quantity and other sentencing issues, and counsel further failed to establish a lower drug quantity or that the government's calculation was incorrect;

4) At sentencing, counsel failed to object to enhancement for leadership role in the offense and second enhancement for using fear, impulse, friendship, affection, or

some combination thereof to involve another individual in a controlled substance offense, on the basis that these enhancements are duplicative; and

5) Appellate counsel was ineffective for failing to assert the foregoing arguments regarding miscalculation of the guidelines range on direct appeal.

(DE 92-1 at 3–11).

On April 6 and July 14, 2020, petitioner filed the instant motions to supplement his § 2255 petition, alleging that his guilty plea on count three, possession of ammunition by a convicted felon, was invalid pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). The court granted respondent's motion to stay the instant § 2255 proceedings pending Supreme Court review of United States v. Gary, 954 F.3d 194 (4th Cir. 2020).[1]

On August 12, 2021, the court lifted the stay, denied without prejudice respondent's original motion to dismiss, and directed respondent to file motion to dismiss or responsive pleading addressing petitioner's original motion to vacate, the amended motion to vacate, and the motions to supplement.

Respondent filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 8, 2021, arguing that petitioner has failed to state a claim upon which relief can be granted as to each of his § 2255 claims. Respondent, however, did not address specifically each of petitioner's claims. With respect to the claims in the original motion to vacate, respondent renews its original motion to dismiss. As to the claims in the amended motion to vacate, respondent addresses only petitioner's claim for ineffective assistance of appellate counsel. Respondent did not meaningfully respond to petitioner's claims for ineffective assistance of trial counsel raised in the amended motion to vacate, as summarized above. To the extent these claims

---

[1] In the meantime, this matter was reassigned to the undersigned upon retirement of the district judge that presided over petitioner's original trial and sentencing.

are addressed, respondent appears to rely on the arguments in the original motion to dismiss that petitioner has failed to state a claim for ineffective assistance of trial counsel. Finally, respondent argues the Rehaif claim in petitioner's motions to supplement should be dismissed because they are procedurally defaulted and fail on the merits.

Petitioner responded in opposition to the motion to dismiss. As to the Rehaif claim, petitioner effectively withdraws it, agreeing with respondent that no relief can be granted as to that claim. Petitioner, however, argues that his claims for ineffective assistance of counsel and that his plea was not knowing or voluntary should not be dismissed pursuant to Rule 12(b)(6).

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

   1.   Rehaif Claim

The court begins with petitioner's claim that his guilty plea on count three was invalid in light of Rehaif.   Respondent argues that the claim is procedurally defaulted and otherwise fails on the merits.   In his response to the motion to dismiss, petitioner concedes that the claim is without merit and does not contest respondent's argument that it is procedurally defaulted.   (DE 131 at 2–3 (acknowledging that the Rehaif claim is "barred" and "cannot be granted by this court")).   Based on the foregoing, and for the reasons set forth in respondent's memorandum (DE 124 at 7–18), the motion to dismiss is granted as to this claim.

   2.   Claims Challenging the Guilty Plea

The court next turns to petitioner's claims of ineffective assistance of counsel prior to his guilty plea, and that his plea was unknowing and involuntary.   In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test.   See Strickland v. Washington, 466 U.S. 688, 687 (1984).   Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness."   Id. at 688.   The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight."   Id. at 689.   Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   Id.   The second prong requires a petitioner to demonstrate that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id. at 694.   In the context of a guilty plea, the prejudice prong requires a showing that "there is a reasonable

5

probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where, as here, a petitioner challenges his guilty plea based on alleged ineffective assistance of counsel prior to entry of the plea, the claim is evaluated against the petitioner's sworn statements at his arraignment. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) (explaining statements made under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); see also Lee v. United States, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003) ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process.").

Petitioner's allegations of ineffective assistance of counsel prior to pleading guilty and that his guilty plea was involuntary and unknowing are contradicted by the sworn statements at his Rule 11 hearing. During the Rule 11 arraignment, petitioner swore under oath that:

1) he understood he was giving up his right to a jury trial by pleading guilty (Arraignment Tr. (DE 59) at 3–4, 12);

2) that he had time to and in fact discussed his case with his attorney, that he was "satisfied with [counsel's] advice" and that that counsel "answered all of [his] questions concerning [his] case" (Id. at 12);

6

3) that he understood the maximum penalties for the offenses and that the court would select the ultimate sentence from within those ranges notwithstanding any prediction or recommended sentence by his counsel or the government (Id. at 6–8, 12–15, 17–18);

4) that his attorney reviewed the plea agreement with him and he understood all terms of the plea agreement (Id. at 15–16, 17–18); and

5) that his plea agreement was the only promise anyone made to induce him to plead guilty, that he was not threatened in any way to plead guilty or accept the plea agreement, and that he was pleading guilty of his own free will (Id. at 16–17).

The foregoing sworn testimony directly contradicts petitioner's claims that his counsel failed to explain the plea agreement or accurately describe his right to plead not guilty. By implication, the testimony refutes or otherwise corrects the claims that that counsel misinformed petitioner about the likely sentence, was not responsive to petitioner's attempts to contact him, failed to provide unspecified explanation about his case, erroneously informed petitioner that he could not obtain a "drug cap," or failed to investigate the case.

In light of petitioner's testimony during his arraignment, his claims of ineffective assistance of counsel before pleading guilty and that his plea was involuntary and unknowing are refuted by the record and fail as a matter of law. See Blackledge, 431 U.S. at 74. Moreover, petitioner has not alleged extraordinary circumstances sufficient to disregard the sworn testimony during the plea colloquy. See Fontaine v. United States, 411 U.S. 213, 214–15 (1973); United States v. White, 366 F.3d 291, 297–99 (4th Cir. 2004). Therefore, petitioner's claims for ineffective assistance of counsel prior to pleading guilty and that his guilty plea was involuntary or unknowing must be dismissed.

Moreover, the ineffective assistance of counsel claims fail for additional reasons. Petitioner's primary claim related to his guilty plea is that counsel was ineffective for advising him

7

to plead guilty. Petitioner argues that effective counsel would not have advised him to plead guilty because the evidence against him came from unreliable informants.

At trial, the government would have been required to prove beyond a reasonable doubt that petitioner conspired to distribute or possess with intent to distribute 100 grams or more of heroin, an amount that he admitted to distributing and which he does not challenge in the instant motion. See 18 U.S.C. §§ 846, 841(b)(1)(B); (Am. Mot. (DE 92-1) at 6–7). Counsel therefore advised petitioner to plead guilty because petitioner admitted to law enforcement that he distributed more than 100 grams of heroin. (See PSR (DE 47) ¶ 10). By contrast, the evidence that petitioner challenges as unreliable was relevant only to finding the appropriate drug quantity for setting the base offense level at sentencing pursuant to the sentencing guidelines. (See Am. Mot. (DE 92-1) at 3–4). This evidence was not necessary to prove petitioner's guilt of the underling offense, and counsel's advice to plead guilty therefore was not objectively unreasonable.

Petitioner's remaining claims for ineffective assistance of counsel prior to pleading guilty are for the most part conclusory and lacking in factual support. For example, petitioner alleges that counsel failed to explain the plea agreement, his right to plead not guilty, misinformed him about his likely sentence, failed to provide unspecified explanation about the case, informed petitioner he could not obtain a "drug cap," and did not request a competency evaluation. (See DE 68, DE 68-2). But petitioner provides no factual support for these claims, and it is well settled that unsupported, conclusory allegations are insufficient to obtain an evidentiary hearing in a habeas proceeding. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992), abrogated on other grounds as recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

8

Petitioner does provide new factual support for some of his claims in his response to respondent's motion to dismiss (DE 131). It is well established, however, that a party may not amend his pleadings by asserting new facts in his responsive briefing on a motion to dismiss. See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). The court therefore does not consider the additional factual support offered in petitioner's briefing.

With regard to petitioner's claim that counsel was ineffective for failing to seek a competency evaluation, this claim also fails when evaluated against the sworn testimony at petitioner's arraignment. At the arraignment, petitioner testified that he completed the ninth grade, that he could speak and understand English without difficulty, that he could read, that he was not currently nor had he recently been treated for any mental illness or drug addiction, and that he understood what was happening in the courtroom and the charges against him. (Arraignment Tr. (DE 59) at 10–11). As discussed above, petitioner also swore under oath that he understood all the terms of the plea agreement. (Id. at 16). And both the government and petitioner's counsel confirmed they had no reason to doubt petitioner's competency. (Id. at 11–12). On this record, petitioner cannot establish a reasonable probability that the result of the proceeding would have been different if counsel had requested a competency evaluation. See Strickland, 466 U.S. at 694.

In sum, petitioner's claims for ineffective assistance of counsel prior to his guilty plea, and his claim that his plea was unknowing and involuntary are without merit. Respondent's motion to dismiss is granted as to these claims.

9

3. Sentencing Claims

The court next turns to petitioner's claims of ineffective assistance of counsel at sentencing. Petitioner's claim that counsel was unprepared to challenge the government's witness at sentencing is without merit. At sentencing, counsel mounted a vigorous defense to the drug quantity calculations, including by attempting to discredit the information provided by the confidential informants. (Sent'g Tr. (DE 60) at 15–20, 21–23). As discussed further below, counsel successfully challenged the drug quantity provided by the confidential informant known as CI-1. (Id. at 35). Accordingly, as to this claim, counsel's performance was not constitutionally deficient.

Turning to petitioner's claims that counsel was ineffective because he failed to argue for a lower drug quantity or object to the leadership role enhancements, the majority of these claims, with one exception discussed below, are without merit. The court begins with petitioner's argument that counsel was ineffective for failing to object to the 1,595 grams of heroin attributed to him by the confidential informant known as CI-4. (Am. Mot. (DE 92-1) at 5). The most significant drug quantity CI-4 attributed to petitioner was his report that petitioner paid $25,000 for heroin on two occasions. (See PSR (DE 47) ¶ 11). Petitioner argues that counsel should have established that $50,000 does not translate to the 1,250 grams of heroin set forth in the PSR. (See Am. Mot. (DE 92-1) at 5). Petitioner, however, fails to explain how the conversion ratio was inaccurate, and he therefore cannot establish counsel performed deficiently based on his failure to object to the ratio.

To the extent petitioner argues that the drug quantity provided by CI-4 was unreliable as a general matter, counsel cross examined the government's witness at sentencing about the

10

reliability of CI-4, pointing to several inconsistencies in his statements. (Sent'g Tr. (DE 60) at 21–23). The sentencing judge, however, overruled these objections. (See id. at 35). Petitioner has not identified any additional evidence or argument that counsel could have used to discredit CI-4, and he therefore has not established counsel performed deficiently.

Petitioner also argues that counsel should have objected to his enhancements for leadership role in the offense and for using fear, impulse, friendship, affection, or some combination thereof to involve another individual in a controlled substance offense, on the basis that these enhancements are duplicative. See U.S.S.G. §§ 3B1.1, 2D1.1(b)(15)(A). First, counsel did object to these enhancements at sentencing, although he did not raise the specific legal argument that petitioner raises here. (See Sent'g Tr. (DE 60) at 26–30, 33–35, 37). The sentencing judge overruled the objections. (Id. at 30, 37).

Second, and more importantly, petitioner's new legal argument would not have changed the outcome. Section 3B1.1(a) provides for a four-level enhancement to the base offense level if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." At the time of petitioner's sentencing, U.S.S.G. § 2D1.1(b)(15)(A) provided for a two-level increase to the base offense level if the defendant receives an enhancement under § 3B1.1 and

> (i) the defendant used fear, impulse, friendship, affection, or some combination thereof to involve another individual in the illegal purchase, sale, transport, or storage of controlled substances, (ii) the individual received little or no compensation from the illegal purchase, sale, transport, or storage of controlled substances, and (iii) the individual had minimal knowledge of the scope and structure of the enterprise.

U.S.S.G. § 2D1.1(b)(15)(A) (2016).

Petitioner argues that he should not receive enhancement under § 2D1.1(b)(15)(A) (2016)

11

where the leader of a conspiracy, as reflected in the § 3B1.1 enhancement, has no need to use fear, impulse, friendship, or affection to control his subordinates. These two provisions, however, are not duplicative or otherwise contradictory. While the provisions may overlap to some degree, they both penalize separate conduct. A defendant who is an organizer or leader of criminal activity involving five or more participants may at the same time use fear, impulse, friendship, or affection to facilitate drug trafficking. Compare § 3B1.1(a) with § 2D1.1(b)(15)(A) (2016).

Furthermore, even if the two provision both penalize the same conduct, "double counting" of this sort is allowed unless a guidelines provision specifically prohibits it. See United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). Petitioner does not point to a guidelines provision that prohibits enhancement under both § 3B1.1(a) and § 2D1.1(b)(15)(A) (2016). On the contrary, the guidelines direct that the fear, impulse, friendship, or affection enhancement applies only if the defendant also receives an enhancement under § 3B1.1. See § 2D1.1(b)(15)(A) (2016). Counsel's failure to assert this meritless argument therefore did not fall below an objective standard of reasonableness or prejudice petitioner.

Finally, contrary to petitioner's argument, the government presented sufficient evidence for these enhancements: petitioner used his position as a pimp and drug dealer to control several women and force them to participate in the drug trade, and he was the leader of an organization utilizing five or more participants. (See PSR (DE 47) ¶¶ 9–11; Sent'g Tr. (DE 60) at 26–30, 33–35, 37). Counsel was not ineffective for failing to raise these arguments.

Petitioner, however, does raise one claim that the court cannot resolve on a motion to dismiss. Petitioner argues that counsel was ineffective because he failed to object to the court's drug weight calculation after excluding the amounts provided by the discredited informant known

12

at CI-1. (See Am. Mot. (DE 92-1) at 4–8; Sent'g Tr. (DE 60) at 35). As a preliminary matter, respondent failed to address this claim in the instant motion to dismiss. (See DE 124). To the extent respondent relies on the original motion to dismiss (DE 82), that motion also fails to meaningfully address this claim. Instead, respondent argues in summary fashion that counsel "vigorously challenged the drug weight attributed to petitioner" and "as a result, petitioner's . . . claim fails both prongs of Strickland." (Id. at 5). That summary argument does not address petitioner's claim that the court miscalculated the drug quantity used to establish petitioner's base offense level.

The court also cannot sua sponte dismiss this claim pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Petitioner correctly points out that his counsel did not object to the court's drug weight calculation after excluding the amounts provided by the discredited informant known as CI-1. (See Sent'g Tr. (DE 60) at 35). At sentencing, the court explained as follows:

> Level 32 requires at least [three] kilograms but less than 10 kilograms of heroin. I'm satisfied that even . . . not using [the discredited informant known as CI-I] [because CI-1] is the one that defendant questions . . . his integrity, I guess, because he's now in jail, I gather, but [a confidential informant known as CI-4] is the one that said at least two occasions [petitioner purchased $25,000 worth of heroin] in Wilson and that adds up to just over 3,000 grams, to wit, [three] kilograms.

(Id.). Petitioner argues that the foregoing calculation is incorrect where the two $25,000 purchases of heroin do not translate to three kilograms of heroin, as required to establish a base offense level of 32. (See Am. Mot. (DE 92-1) at 4–8). And this argument does have force. The presentence investigation report ("PSR") concluded that these two purchases amounted to 1.25 kilograms of heroin, and the court did not explain why it attributed more than twice that amount to CI-4's proffer. (DE 47 ¶ 10; Sent'g Tr. (DE 60) at 35). Based on the foregoing, and in the

13

absence of substantive response from respondent, the court's preliminary assessment is that an objection to this drug weight calculation, either during the sentencing hearing or by argument on direct appeal, likely would have been meritorious.

The sentencing judge also noted that he was "satisfied" there was at least 3,000 to 10,000 kilograms of converted drug weight/marijuana equivalency, but again failed to explain how he came to that conclusion if he disregarded the three kilograms of heroin attributed to petitioner by CI-1. (See Sent'g Tr. (DE 60) at 35). The court's own review of the PSR does not reveal a basis for this calculation if CI-1's amount is excluded. If the three kilograms of heroin attributed to petitioner by CI-1 are subtracted out of the calculation, the total drug weight is 1,895 grams of heroin, 10 grams of cocaine base, and one pound of marijuana. (See PSR (DE 47) ¶ 12). Using the conversion ratios in U.S.S.G. § 2D1.1 cmt. n.8(D), the total converted drug weight is 1,931 kilograms, not the "at least" 3,000 kilograms found at sentencing. And that amount of converted drug weight triggers a base offense level of 30 as opposed to 32. See U.S.S.G. § 2D1.1(c). Thus, based on the court's preliminary analysis, an objection to the court's determination of at least 3,000 kilograms of converted drug weight also likely would have been meritorious.

A change to the drug quantity also would have affected the ultimate guidelines calculation. Starting with base offense level 30 (based on the calculation above) and applying the same enhancements and reductions from the presentence report,[2] the total offense level would have been 37. (See PSR (DE 47) ¶¶ 53–63). With criminal history category V[3] and total offense level 37,

---

[2] As discussed above, petitioner's remaining arguments about the drug quantity and guidelines enhancements are without merit.

[3] Although the PSR concluded petitioner was a career offender and therefore subject to criminal history category VI, the court sustained petitioner's objection to the career offender designation at the sentencing hearing. (Sent'g Tr. (DE 60) at 32). Therefore, petitioner's criminal history category was V. (See PSR (DE 47) ¶ 32; Sent'g Tr. (DE 60) at 35–36).

the guidelines range is 324 to 405 months' imprisonment. See U.S.S.G. ch.5, pt. A. At sentencing, however, the court determined the guidelines range was 360 to 600 months' imprisonment based on offense level 39 and criminal history category V. (Sent'g Tr. (DE 60) at 35, 37–38).

The failure to object to an error in the court's guidelines calculation typically is sufficient to establish deficient performance under the first prong of Strickland. See United States v. Carthorne, 878 F.3d 458, 467 (4th Cir. 2017). Relatedly, appellate counsel's failure to raise this issue on direct appeal also may amount to deficient performance. See id.; see also Smith v. Robbins, 528 U.S. 259, 287 (1986) (appellate counsel may be ineffective for failing "to discover nonfrivolous issues and to file a merits brief raising them"); Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."). In the absence of a substantive argument from respondent addressing these claims under Strickland's framework, respondent has not established, for these two claims, that the performance issue is capable of resolution on a motion to dismiss.

Respondent does argue that appellate counsel could not have been ineffective because he filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967)[4] raising the issue of whether petitioner's sentence was procedurally and substantively reasonable. See United States v. Moore, 706 F. App'x 141 (4th Cir. 2017). Counsel's brief, however, did not specifically raise the issue

---

[4] Anders provides that where appellate counsel believes an appeal is without basis in law or fact, he or she should file "a brief referring to anything in the record that might arguably support the appeal" to satisfy the Sixth Amendment requirement for effective assistance of counsel. 386 U.S. at 744; see also McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439 (1988).

15

of whether petitioner's guidelines range was correct after removing the drug quantity attributed to petitioner by CI-1. See Brief for Appellant, United States v. Moore, No. 17-4254, 2017 WL 3583950 (4th Cir. Aug. 8, 2017). Instead, counsel described the legal standard governing procedural and substantive reasonableness review and then concluded "[i]t appears from the record that in sentencing the defendant, the district court did not rely on any clearly erroneous facts and did engage in an individualized assessment as required by [Gall v. United States, 552 U.S. 38 (2007)] when imposing its sentence in this matter. The district court's sentence was well-reasoned and based upon the totality of the circumstances." See id. at *9.[5] Thus, based on the court's preliminary review, counsel failed to identify and argue a meritorious issue on appeal. See Smith, 528 U.S. at 287.[6] And, contrary to respondent's suggestion in the motion to dismiss (DE 124 at 6), there is nothing in the current record suggesting that counsel elected not to proceed on this claim based on a strategic decision to pursue other issues. Indeed, the fact that counsel filed an Anders brief stating that he could not identify any nonfrivolous issues belies any claim that the failure to pursue the objection was a strategic decision. See Smith, 528 U.S. at 288. !

Turning to the prejudice prong of the analysis, petitioner must show a reasonable probability that he would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Feldman, 793 F. App'x 170, 173 (4th Cir.

---

[5] As noted above, the Fourth Circuit affirmed petitioner's conviction and sentence. In so doing, the court of appeals concluded that the district court "accurately calculated [petitioner's] advisory Guidelines range." Moore, 706 F. App'x at 143. Respondent does not argue that the court is bound by this holding in the context of § 2255 review. As explained above, the court's preliminary assessment is that the Guidelines range was not "accurately calculated."

[6] Respondent's reliance on Taylor v. United States, No. 5:12-CR-326-F-1, 2016 WL 6879253 (E.D.N.C. Nov. 21, 2016) is misplaced. In Taylor, counsel filed an Anders brief that specifically raised the argument that petitioner claimed was not pursued on appeal. Id. at *3. For the reasons explained above, counsel's argument that the sentence was not procedurally or substantively reasonable failed to identify the specific problem with the guidelines calculation that respondent raises in the instant motion.

16

2019). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The standard "is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error[,] things would have been different." United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004).

In the context presented here, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 578 U.S. 189, 198 (2016); United States v. Freeman, 24 F.4th 320, 331–32 (4th Cir. 2022). However, "there may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." Molina-Martinez, 578 U.S. at 200. In such cases,

> The record . . . may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range. Judges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate. And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines.

Id.

Here, petitioner was sentenced on the basis of a downward variance from the range found at sentencing of 360 to 600 months. The sentencing judge explained, "the court feels that pursuant to [the factors set forth in 18 U.S.C. § 3553(a)], the guideline sentence [between 360 and 600 months] was too extensive and too punitive even for the circumstances of this case, and, accordingly, has reduced it by 60 months." (Id. at 41–42). Notably, petitioner's sentence of 300 months' imprisonment also is below the guidelines range of 324 to 405 months' imprisonment the

17

court has calculated after removing the drug quantity attributed by CI-1. These facts may suggest that the Molina-Martinez exception applies to this case. But see Freeman, 24 F.4th at 332 (rejecting argument that a court's statement that it would have imposed the same sentence even if the guidelines range was erroneous was sufficient to establish lack of prejudice under Strickland).

But in the absence of briefing from the parties addressing the prejudice prong of the analysis, the court declines to resolve sua sponte whether the Molina-Martinez exception may apply on the facts of this case. The parties should address this issue in the forthcoming briefing addressed below.

In sum, petitioner's claims that trial and appellate counsel were ineffective based on their failure to argue the court's drug quantity calculation was erroneous after excluding the quantities attributed to petitioner by CI-1 cannot be resolved on a motion to dismiss. The court will set a new briefing schedule for these remaining claims below. Petitioner's remaining § 2255 claims are dismissed for the reasons discussed herein.

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 124) is GRANTED in part and DENIED in part. The motion is DENIED as to petitioner's claims that trial and appellate counsel were ineffective for failing to argue the court's drug quantity calculation, and the resulting base offense level, were erroneous after excluding the amounts attributed to petitioner by CI-1. The motion is GRANTED as to all other claims in the habeas petitions. Petitioner's motions to supplement his § 2255 motion (DE 98, 107) are DENIED as futile. Petitioner's original motion to vacate (DE 68) and amended motion to vacate (DE 92) shall remain active motions on the docket pending the court's resolution of the remaining ineffective assistance of counsel claims identified

herein.

As to the remaining claims, respondent is DIRECTED to file answer within **30 days** of entry of this order. Within **30 days** of filing the answer, respondent shall file a motion for summary judgment addressing the remaining claims and the issues the court identified above. The court will provide petitioner with instructions for responding to the motion for summary judgment in a forthcoming notice.

SO ORDERED, this the 19th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge