IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-25-FL-1
NO. 4:18-CV-68-FL

| | |
|---|---|
| MAURICE EUGENE MOORE, JR., ) ) Petitioner ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | ORDER |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence (DE 68, 92) pursuant to 28 U.S.C. § 2255, and respondent's motion for summary judgment (DE 140). Petitioner did not respond to the motion. For the reasons that follow, petitioner's remaining § 2255 claim for ineffective assistance of counsel is dismissed without prejudice for failure to prosecute.

**BACKGROUND**

On December 5, 2016, petitioner pleaded guilty, with a written plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (count one), and possession of ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count three). The court sentenced petitioner to 300 months' imprisonment on count one, and 120 months' imprisonment on count three, and ordered the terms to run concurrently. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction.

Petitioner's instant motions to vacate assert claims of ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. On December 19, 2022, the court entered detailed order dismissing the majority of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 133 at 5–12). The court, however, determined that two ineffective assistance of counsel claims could not be resolved at the motion to dismiss stage. (Id. at 12–18). The two remaining claims alleged sentencing and appellate counsel were ineffective for failing to argue the court miscalculated the base offense level after excluding certain drug quantities from the base offense level computation. (Id. at 18). With respect to these claims, the court explained that petitioner may not be able to establish the prejudice prong of the ineffective assistance standard where his original sentence of 300 months' imprisonment was below the corrected guidelines range of 324 to 405 months. (Id. at 16–18).

The court therefore ordered respondent to file answer and motion for summary judgment addressing these two claims. Respondent timely filed its motion for summary judgment on March 1, 2023. That same day, the court issued notice to petitioner pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which explained that the motion for summary judgment had been filed as to these two remaining claims. (DE 142). In addition to providing instructions for responding to the motion, the Roseboro notice warned petitioner in bold print that "if you fail to respond to the motion, the court may grant the motion and enter summary judgment against you." (Id.). The notice also explained that if summary judgment is granted then petitioner would not receive relief on his claims. (See id.). Nonetheless, petitioner did not file response to the motion.

## DISCUSSION

The court sua sponte considers whether the remaining claims should be dismissed for failure to prosecute based on petitioner's failure to respond to the motion for summary judgment. The district court has inherent power to dismiss an action sua sponte for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 630 (1962); Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019); see also Fed. R. Civ. P. 41(b) (providing "a defendant may move to dismiss the action or any claim against it" if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure) or a court order"). In deciding whether to dismiss an action, the court considers "(1) the [petitioner's] degree of personal responsibility; (2) the amount of prejudice caused the [respondent]; (3) the presence of a drawn[-]out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations and citations omitted). The criteria guiding the court's discretion are not a rigid test, and the propriety of an involuntary dismissal depends upon the facts of each case. Attkisson, 925 F.3d at 625.

Here, these factors favor dismissal without prejudice of the final two claims of ineffective assistance of counsel. First, petitioner is proceeding pro se and he was warned that failure to respond to the motion for summary judgment may result in dismissal of his claims. (See Roseboro Notice (DE 142)). Petitioner therefore is responsible for the failure to prosecute. See Attkisson, 925 F.3d at 626–27 (failure to respond to specific court directive supports involuntary dismissal). Moreover, petitioner's § 2255 claims have been pending for nearly five years, and the court has ordered three rounds of dispositive motions briefing. (DE 78, 123, 133). Thus,

3

respondent would be prejudiced if the court denies the motion for summary judgment on the merits, where further proceedings would require additional expenditure of governmental resources in this long-running case when petitioner did not even respond to the motion for summary judgment. Finally, although petitioner has not otherwise proceeded in a dilatory fashion, less drastic sanctions are not available in the circumstances of this case.

Additional considerations support dismissal of the final two claims for failure to prosecute. See Attkisson, 925 F.3d at 625 (noting that additional factors may support dismissal). As discussed above, these claims challenge counsel's failure to object to the drug weight/base offense level calculation at sentencing, and appellate counsel's failure to raise the issue on appeal. (DE 133 at 12–18). But even assuming that all of the drug weight attributed to petitioner by CI-1 is excluded, the revised guidelines range would be 324 to 405 months' imprisonment. (Id. at 17–18). As noted, petitioner's current sentence of 300 months' imprisonment is below that range. And where the court previously dismissed all of petitioner's remaining challenges to the convictions and sentence, petitioner may not wish to purse resentencing in circumstances where the applicable guidelines range likely will be higher than the sentence he is serving currently. Accordingly, petitioner's failure to respond to the motion for summary judgment suggest he has abandoned the remaining claims.

## CONCLUSION

Based on the foregoing, petitioner's motions to vacate (DE 68, 92) are DENIED in part and DISMISSED without prejudice in part. Petitioner's claims that trial and appellate counsel were ineffective for failing to object or argue that the court's base offense level calculation was erroneous after excluding the amounts attributed to petitioner by CI-1 are DISMISSED without

prejudice for failure to prosecute. All remaining claims are dismissed on the merits for the reasons stated in the December 19, 2022, order. A certificate of appealability is DENIED. Respondent's motion for summary judgment (DE 140) is DENIED as moot.

SO ORDERED, this the 3rd day of January, 2024.

                                              _____
                                              LOUISE W. FLANAGAN
                                              United States District Judge